## SUPREME COURT.

RICHARD C. BEAMISH, receiver, &c. agt. WM. S. CONANT and others.

In an action to set aside an *assignment* for the benefit of creditors, for fraud, *held,* that there was not sufficient evidence of fraud to warrant an injunction and receiver, arising from the fact, 1st. That the assignor had continued in possession of the assigned property, and was employed by the assignee to sell the stock and assist in making collections at the store where the business was formerly carried on, and the amounts as collected were paid over to the assignee.

2d. That after about six months under such arrangement, the whole remaining stock was sold at 25 per cent. on the cost price to a brother-in-law of the assignor, who had paid a large portion of the purchase money, and was responsible for the balance. It also appearing that the sale was made for the full value of the goods.

*New York General Term, November,* 1862.

THIS was an appeal from an order granting an injunction and appointing a receiver of certain property during the pendency of the action. The facts are sufficiently stated in the opinion of the court.

IRA D. WARREN, *for respondent.*
. H. K. HUNTER, *for appellant.*

By the court, LEONARD, Justice. No complaint is made for constructive or legal fraud in respect to any matter arising from the face of the assignment. The fraud relied on to sustain the injunction and the order for the appointment of a receiver, arises from the acts of the defendants in relation to the assigned estate. These are :

1st. That there has been no change of possession in respect to the stock assigned, but the assignor, Conant, has had the control and management of it in the same manner as before the assignment.

2d. That the stock, at the time of the assignment, was worth $17,000, and after selling $3,000 to general customers, the residue was fraudulently sold for 20 per cent. of its value to Whitmore, a brother-in-law of the debtor, for the benefit of the debtor, and to enable him to continue the business; and the debtor still carries on the original business.

3d. That the debtor has fraudulently mortgaged and conveyed his real estate.

The first and second grounds are principally relied on by the plaintiff. The defendants explain the charges in relation to the alleged want of change in the possession, as I think, satisfactorily. Conant was employed by the assignee to sell the stock, and assist in making collections at the store where the business was formerly carried on. He continued in the employment of the assignee, in this manner, about six months, when a sale of the whole remaining stock

Beamish agt. Conant.

was made to the defendant Whitmore, at 25 per cent. on the cost price, amounting to about $3,500. The purchaser has paid $2,700 on account of the transaction, to the assignee, and is a man of means sufficiently large to answer the full payment of the portion still remaining on credit. The price is shown, on an examination made by merchants acquainted with goods of the description sold, to be, the full value. The sale to Whitmore appears to be an honest transaction, for a full price paid or sufficiently secured to the assignee. We have no further concern with the subsequent possession of the stock.

I advise the reversal of the order appealed from, as the defendant Dougherty appears to be responsible for any judgment the plaintiff may obtain against him.

INGRAHAM and PECKHAM, J. J., concurred.